```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

MEDTRONIC, INC., et al.          *

      Plaintiffs              *

      vs.                     *      CIVIL ACTION NO. MJG-06-1206

TRACY NYCE, et al.               *

      Defendants              *

\*      \*      \*      \*      \*      \*      \*      \*      \*

## STIPULATED ORDER

Pursuant to the agreement of the parties:

1. If requested by Defendants prior to August 30, 2006, Medtronic shall promptly produce to Elysium Digital ("Vendor") the two (2) laptop computers provided to each Defendant in the course of their employment that were in their possession immediately before and after their resignations from employment with Medtronic on January 12, 2006.  Action with respect to those computers may be directed by further Order.

2. The Defendants shall produce to Vendor on/or before July 14, 2006, their Pioneer-issued laptop computers and TREO hand-held devices.

    a. Vendor shall, at Medtronic's expense, make and maintain in confidence a mirror image of each.

    b. Vendor shall, at Medtronic's expense, take such actions as may be agreed upon by the parties and/or as may be directed by further Order.

3. By July 14, 2006, Defendants shall provide a sworn statement confirming that, except for the items described in paragraph 2 hereof, they have no other electronic equipment or related data storage media: desktops, laptops and networked computer work stations in their homes and offices, or otherwise in their custody, possession or control, or which they used at any time for employment-related or business purposes,

      whether on a regular or incidental basis, during or since they left Plaintiffs' employment, or personal Digital Assistants ("PDA's"), hand-held computers, email devices such as a "TREO" or Blackberry device, "flash drives", Floppy disks, CD-ROMs, DVDs, zip drives, and magnetic computer tapes that contain data, information, files or documents that refer or relate to their employment with the Plaintiffs, or the business of Medtronic or Pioneer Surgical Technology in any way.

4. Medtronic shall, as promptly as feasible, provide Defendants with documents reflecting the allegedly accessed data upon which any claims are based.

5. Prior to disclosure to each other of any confidential information, the parties shall enter into an agreed Protective Order. Accordingly, a party may delay production to another party, but not the Vendor, until such time as the protective Order is issued.

SO ORDERED, on <u>Wednesday, July 12, 2006</u>.

                                                        /s/
                                          Marvin J. Garbis
                              United States District Judge